IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO.  16-2725 MCA |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRISTIAN BEGAY, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION *IN LIMINE* TO PROHIBIT**
**DISCUSSION OF SENTENCING OR PUNISHMENT AT TRIAL**

The United States of America, through its undersigned counsel, hereby requests this Court prohibit any discussion of the potential penalties that would result from conviction of the Defendant.  As grounds for its request, the United States relies on the following points and authorities, and any testimony elicited on the matter.

**LEGAL ARGUMENT**

To allow a jury to consider punishment when deliberating is an invitation for jury nullification, as the jury would consider something other than the evidence in a case when determining guilt or innocence.  The Tenth Circuit has held, "there is no right to jury nullification."  *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999) (*citing United States v. Thomas*, 116 F.3d 606, 615 (2d Cir. 1997) (observing that "the power of juries to 'nullify' or exercise a power of lenity is just that - a power; it is by no means a right or something that a judge should encourage or permit if it is within his authority to prevent.")); *see also United States v. Greer*, 620 F.2d 1383, 1385 (10th Cir. 1980) (noting "[t]he authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial.  Breach of this standard has often been grounds for reversal.").  As the Tenth Circuit has noted, the

prohibition on the jury considering punishment also protects a defendant himself from an unconstitutional conviction. As the Tenth Circuit explained in *Greer*:

> We need imagine no improbable hypotheticals to appreciate the prejudicial effects of sentencing discussions as specific as those in this case. Information about sentencing or other consequences of a verdict is prejudicial because, if the jury is convinced that a defendant will receive a light sentence, it may be tempted to convict on weaker evidence.

*Id*. The Tenth Circuit has thus fashioned a bright line rule that "[u]nless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties." *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991); *see Greer*, 620 F.2d at 1385 (10th Cir. 1980) (noting that absent a statutory requirement that the jury determine punishment, "nothing is left 'for jury determination beyond the guilt or innocence of an accused.'") (quoting *Chapman v. United States*, 443 F.2d 917, 920 (10th Cir. 1971)).

Other circuits have ruled similarly. For example, in *United States v. Johnson*, 62 F.3d 849, 850-51 (6th Cir. 1995), the district court declined a defendant's request to inform the jury regarding the defendant's punishment. In affirming, the circuit court reasoned:

> When a jury has no sentencing role, providing sentencing information invites jurors to ponder matters that are not with their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion. (citation omitted). Indeed, the only possible purpose that would be served by informing jurors of the mandatory sentence would be to invite jury nullification of the law.

The court in *Johnson* also stated, "[t]he jury is to find guilt or innocence on the basis of the legal standards set out in the Judge's charge, and the consequences in terms of punishment is a matter for Congress on mandatory sentences or for the Court within limits fixed by the statute." *Id*. at 850 (quoting *United States v. Del Toro*, 426 F.2d 181, 184 (5th Cir. 1970)); *see also United States v. Meredith*, 824 F.2d 1418, 1429 (4th Cir. 1987) (noting "[t]he jury must reach its verdict

2

without considering possible sentences"); *United States v. Trujillo*, 714, F.2d 102, 106 (11th Cir. 1983) (holding that "defense counsel may not argue jury nullification during closing argument."); *United States v. O'Brien*, 609 F.2d 895, 897 (8th Cir. 1979) (observing "[t]he matter of assessing penalty is exclusively within the province of the court, and the jury's sole purpose is to determine the facts and thereby the guilt or innocence of the defendant"); *United States v. Davidson*, 367 F.2d 60, 63 (6th Cir. 1966) (noting that "[i]t is axiomatic that it is the exclusive function of juries to determine whether defendants are guilty or not guilty, and of the court to determine matters of punishment."). The law of the Tenth Circuit and other circuits is well settled, and squarely forecloses the discussion of the potential penalties faced by the Defendant.

Likewise, allowing the Defendant to inject discussion as to the possible penalties would contradict the jury instructions regularly given by this Court. Tenth Circuit Pattern Jury Instruction 1.04 states that the it is the jury's duty "to base [its] verdict solely upon the evidence, without prejudice or sympathy." Similarly, Instruction 1.20 instructs the jury that "[i]f [it] find[s] the defendant guilty, it will be [the Court's] duty to decide what the punishment will be. [It] should not discuss or consider the possible punishment in any way while deciding [its] verdict." Along these lines, this Court should prohibit discussion of mandatory minimums, United States Sentencing Guidelines, and the application of consecutive sentences. Such comments have no place in a trial where the guilt or innocence of a defendant is decided solely on the evidence at trial.

## **CONCLUSION**

Wherefore, for the foregoing reasons, the United States requests this Court issue an Order prohibiting Defendant or Defendant's counsel from arguing sentencing issues such as the

application of the United States Sentencing Guidelines, mandatory minimum sentences, and the application of consecutive sentences, to the jury.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*Electronically filed on 12/19/16*
ELAINE Y. RAMIREZ
RAQUEL RUIZ-VELEZ
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on the 19th day of December, 2016, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel of record to be served by electronic means.

*Electronically filed on 12/19/16*
Elaine Y. Ramírez
Raquel Ruiz-Velez
Assistant United States Attorneys