IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. 16-2725 MCA |
| ) | |
| vs. ) | |
| ) | |
| CHRISTIAN BEGAY, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' MOTION *IN LIMINE* TO REQUEST APPOINTMENT OF COUNSEL FOR THE ALIBI WITNESS AND REQUEST THE ALIBI WITNESS BE ADVISED OF HER *MIRANDA* RIGHTS OUTSIDE THE PRESENCE OF THE JURY**

The United States of America, through its undersigned counsel, hereby respectfully requests that the individual noticed by the defense, Kristina Carrillo, be provided appointed counsel. Further, should Ms. Carrillo take the stand at trial, the United States requests she be advised of her constitutional protections per *Miranda*, outside the presence of the jury.

**I.  STATEMENTS IN THE CASE.**

**A. Ms. Carrillo's Statement to the FBI on May 27, 2016**.

On May 27, 2016, FBI Special Agent (SA) Lance Roundy conducted an interview of Kristina Carrillo. On that date, Carrillo indicated the following:

On May 21, 2016, at approximately 8:30 pm, Begay came to her residence and requested to borrow Carrillo's vehicle, a 2007 blue Dodge Nitro SUV. Carrillo was staying with Melvin Lee, described as a 53-year-old male with one arm, at his residence in Shiprock. Carrillo, who was in a romantic relationship with Begay, describing him as her boyfriend, agreed to lend the vehicle.

Carrillo stated that she lent the vehicle to Begay, and did not see Begay again until he

returned the vehicle early Sunday morning on May 22, 2016.

Carrillo stated that she knew very little about Begay's associates, and was unaware whether Begay owned or possessed any firearms. Carrillo was insistent that she was not with Begay on Saturday night, May 21, 2016.

Carrillo gave verbal and written consent to a search of the vehicle. SA Roundy then conducted a search of the vehicle, noting that the driver's side headlight was not working.

### B. Identification of Ms. Carrillo as Being in the Vehicle During the Shooting.

On June 7, 2016, the victim in this case was shown a photo array. He identified Kristina Carrillo as the passenger in the vehicle driven by Christian Begay the night of the shooting. The victim also identified photographs of the vehicle driven by Begay, but belonging to Carrillo. Also on June 7, 2015, a witness in the case was shown a photo array. The witness identified Kristina Carrillo as the passenger in the vehicle driven by Christian Begay the night of the shooting. The victim also identified photographs of the vehicle driven by Begay, but belonging to Carrillo.

On December 11, 2016, the Defendant filed a Notice of Alibi, (Doc. 27), stating that

> "(A) At 2259 hours on Saturday, May 21, 2016, the dispatch time for the reported shooting of Norman George, Christian Begay was in the company of Kristina Carrillo and at his mother's trailer, which is located approximately 1.2 miles east and south of the location of the charged offense, or, at 2259 hours on Saturday, May 21, 2016, was in the company of Kristina Carrillo in her Dodge Nitro SUV, driving southbound from Shiprock on Route 491 in the direction of Little Water, New Mexico."

## II. POTENTIAL LIABILITY OF MS. CARRILLO.

In this case, on May 27, 2016, Carrillo provided a statement to law enforcement about two material matters; her whereabouts on the night the victim was shot, and the fact that Begay was in possession of the blue Dodge Nitro SUV. This statement directly contradicts the

2

averments made in the Defendant's Notice of Alibi. (Doc. 27).

Should Ms. Carrillo take the stand, she may now may run afoul of the following criminal statues:

18 U.S.C.A. § 1001 states, in pertinent part:

**(a)** Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--
   **(1)** falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
   **(2)** makes any materially false, fictitious, or fraudulent statement or representation;
[…] shall be fined under this title, imprisoned not more than 5 years[.] […]
**(b)** Subsection (a) does not apply to a party to a judicial proceeding, or that party's counsel, for statements, representations, writings or documents submitted by such party or counsel to a judge or magistrate in that proceeding.

If Ms. Carrillo now testifies that she was with the defendant on the night of the shooting, her original statement to SA Roundy would be subject to a violation of 18 USC § 1001. Furthermore, if Ms. Carrillo testifies that she was with the defendant, and the witness accounts demonstrate she was inside the vehicle at the time of the shooting, she may be subject to penalties based upon the following:

18 U.S.C. § 4 states:

Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

If Ms. Carrillo now testifies that she was with the defendant on the night of the shooting, based upon the witness accounts, she may also run afoul of the following:

18 U.S.C. § 1623(a) states, in pertinent part:

**(a)** Whoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information,

including any book, paper, document, record, recording, or other material, knowing the same to contain any false material declaration, shall be fined under this title or imprisoned not more than five years, or both.

The Fifth Amendment states that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Each of the scenarios set forth above give rise to Ms. Carrillo invoking her Fifth Amendment privilege. Therefore, the United States requests the Court appoint counsel for Ms. Carrillo. Further, the United States requests the Court advise Ms. Carrillo of her constitutional protections per *Miranda*, prior to any testimony and outside the presence of the jury.

### III.  CONCLUSION.

WHEREFORE, for the foregoing reasons, the United States respectfully requests this Court appoint counsel for the alibi witness, and advise the witness of her *Miranda* rights outside the presence of the jury prior to any testimony.

Respectfully Submitted,

DAMON P. MARTINEZ
UNITED STATES ATTORNEY

*Electronically filed on 12/19/2016*
ELAINE Y. RAMIREZ
RAQUEL RUIZ-VELEZ
Assistant United States Attorneys
P.O. Box 607
Albuquerque, NM  87103
(505) 224-1437

I HEREBY CERTIFY that on the 19th day of December, 2016, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel of record to be served by electronic means.

***Electronically filed on 12/19/2016***
Elaine Y. Ramírez
Raquel Ruiz-Velez
Assistant United States Attorneys