IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 16-2725 MCA |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRISTIAN BEGAY, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO UNITED STATES' MOTION *IN LIMINE* REGARDING 404(b) EVIDENCE

The United States of America, through its undersigned counsel, hereby replies to Defendant's response to the United States' motion *in limine* regarding 404(b) evidence (Doc. 32). In support thereof, the United States asserts the following:

I. <u>Clarification to Defendant's Allegations Regarding the March 9, 2016 Events.</u>

As an initial matter, Defendant makes claims that require clarification. For example, Defendant avers that "Melvin Lee does not allege that he was threatened with or suffered any harm from either Christian Begay or Lydell Hogue. Although Mr. Lee observes Mr. Begay in possession of a firearm inside his home, there is no indication that Mr. Begay possessed a firearm at any time prior to his arrival at Mr. Lee's home." Doc. 32, p. 4. The United States poses that the statements of Boyd Smith and Melvin Lee contradict these allegations. Lee told law enforcement that Begay was not supposed to be at the residence, and that when Begay and his companion arrived, Lee observed Begay with a firearm. Lee also observed Begay removing the magazine from the firearm inside of the residence. Smith stated Begay was angry and arguing. Begay was initially armed with a chain but when Smith picked up rocks to defend

himself, Begay stated he was going to come back with his gun.  Smith ran behind the home, hid behind a truck on the property and shortly thereafter, four shots rang out.   Begay claimed the gun was his.  Lee observed Begay with the gun when Begay entered the residence.  There is a reasonable inference that Begay arrived to the residence with the gun in his possession.

Defendant claims that "there are no witnesses to what Smith reported," regarding the Defendant's statement, "I'm going to come back with my gun," or that shots were fired.  *Id.* at p. 5.  Smith is the witness to the statement, and physical evidence in the form of shell casings as well as the gun itself were recovered from the scene.

Defendant asserts that "[c]ounsel is not aware whether there is any additional investigative information concerning the March 9, 2016 incident or information concerning the Navajo tribal court's disposition, if any, of the weapons possession charge filed against Christian Begay."  *Id.* at p. 7.  Yet whether Defendant was charged or convicted by the Navajo Nation is not relevant for the purpose of the admissibility of Rule 404(b) evidence.  The United States does not allege this incident was a prior conviction.  Instead, the United States submits this was a prior bad act which it intends to introduce as evidence of the Defendant's identity, motive, opportunity, intent, knowledge, mistake or accident.

II.  United States' Reply to Defendant's Response Arguments.

A.  In Defendant's response to the United States motion *in limine*, Defendant indicates that the admission of the March 9 events as evidence in the United States' case-in-chief to show identity, motive, opportunity, intent, knowledge, mistake or accident would unfairly prejudice the Defendant at trial.  Doc. 32, p. 2.

The probative value of the similar-acts evidence is not substantially outweighed by its potential for unfair prejudice.  "Evidence of prior bad acts will always be prejudicial, and it is the

trial court's job to evaluate whether the guaranteed risk of prejudice outweighs the legitimate contribution of the evidence." *United States v. Shumway*, 112 F.3d 1413, 1422 (10th Cir. 1997). The United States asserts that the probative value of Defendant's prior bad acts in this case is high due to the similarity to the charged acts. These prior bad acts show Defendant's motive, intent, and identity to commit the charged acts. Therefore, the admission of Defendant's prior bad acts substantially outweighs any danger of unfair prejudice to the Defendant.

B. Defendant also compels the United States to identify the witnesses that will testify at trial to introduce the March 9 events into evidence. *Id.* at p. 6.

The United States intends to introduce evidence of the March 9 events through the testimony of Melvin Lee, Boyd Smith, Navajo Nation Sgt. Leonard Redhorse III, and Navajo Nation Officer Gary Franklin. The witnesses have been identified in the United States' witness list filed on December 27, 2016. Doc. 42.

C. Defendant also questions the United States' "evidentiary hypothesis" when seeking to introduce the Rule 404(b) evidence. *Id.* at. p. 7 (citing *United States v. Kendall*, 766 F.2d 1426 (10th Cir. 1985), *cert. denied*, 474 U.S. 1081 (1986)). T

The United States submits that the evidence of the March 9, 2016 events is relevant and offered for a proper purpose, in particular to show motive, intent and identity. It is well established that Rule 404(b) evidence may be "admissible [to prove] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). Rule 404(b) evidence is admissible so long as it is used for a proper purpose, not just to prove character. "[T]he evidence is subject only to general strictures limiting admissibility such as Rules 402 and 403." *Huddleston v. United States*, 485 U.S. 681, 688 (1988). Evidence is properly admitted under Rule 404(b) if:

3

> (1) the evidence [is] offered for a proper purpose; (2) the evidence [is] relevant; (3) the trial court properly determine[s] under Fed.R.Evid. 403 the probative value of the similar-acts evidence [is] not substantially outweighed by its potential for unfair prejudice; and (4) the trial court [gives] the jury proper limiting instructions upon request.

*United States v. Shumway*, 112 F.3d 1413, 1419 (10th Cir. 1997) (considering *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)). *See also United States v. Davis*, 636 F.3d 1281, 1297 (10th Cir. 2011).

   1. <u>Motive</u>.

The evidence of the March 9 events is relevant to show motive. The events of March 9, 2016, and the events of May 21, 2016, were motivated by money. On March 9, 2016, Defendant went to the residence of Melvin Lee, located in the South Non-Profit Housing, in Shiprock, New Mexico. He was armed with a firearm and demanded money from Boyd Smith. Boyd Smith gave the Defendant $5.00, but Defendant wanted more and an argument ensued between Defendant and Boyd Smith. During the argument, Defendant said, "I'm going to come back with my gun." Smith ran and hid behind a truck as four shots rang out. When law enforcement officers investigated the scene, they located three casings in the area of the home. A fourth casing was located in an RV on the property.

Similarly, on March 21, 2016, Defendant went to a residence located at South Non-Profit Housing, in Shiprock, New Mexico, and demanded to speak to Norman Geroge. Defendant initiated a conversation with Rachelle Charley and June George. Defendant told them that Norman George owed him $30.00. Subsequently, Defendant pointed a black-colored handgun at Rachelle Charley and demanded to speak to Norman George. Afterward, Norman George confronted Defendant regarding the alleged debt. A verbal argument ensued and Defendant remained inside of the blue-colored SUV he was driving. During the argument, Begay discharged a black-in-color handgun from the vehicle and fired approximately two rounds,

4

hitting Norman George in the torso.  Defendant then fled the scene in the blue-colored SUV at a high rate of speed.

Both incidents show that Defendant's actions were motivated by money.  On both occasions, Defendant, armed with a firearm, approached a residence in the South Non-Profit Housing.  On both occasions, Defendant was looking for specific individuals and demanded money from them.  But, when Defendant did not get the desired response, he opened fire.

2. <u>Intent</u>.

The evidence is relevant to show Defendant's intent.  Intent is an essential element of the charge of assault with a dangerous weapon with intent to do bodily injury, a crime that occurred in Indian Country.  *See* 18 U.S.C. §§ 1153 and 113(a)(3).  When intent is disputed, "prior acts evidence is 'clearly' relevant to show an essential element of the charged offense." *Shumway*, 112 F.3d at 1421.

In the instant case, Defendant is contesting an essential element of the offense of assault with a dangerous weapon.  Evidence of the March 9 event is required to show Defendant's intent to shoot Norman George on May 21; therefore, Defendant did not act by mistake or accident.  Furthermore, Defendant's prior bad acts show preparation and plan.  On both occasions, Defendant armed himself with a firearm, drove a vehicle to a residence located in the South Non-Profit Housing to demand money from Boyd Smith (on March 9, 2016) and Norman George (on May 21, 2016).  On March 9, 2016, when Boyd Smith confronted Defendant, Defendant shot at him; while on May 21, 2016, when Norman George confronted Defendant, Defendant shot him on the torso.  The similarities between both events show that on May 21, 2016, when Defendant went to June George's residence, Defendant prepared, planned and intended to shoot Norman George.

5

3. <u>Identity</u>.

The Tenth Circuit has held that "to prove identity, evidence of prior illegal acts need not be identical to the crime charged, so long as, based on a 'totality of the comparison,' the acts share enough elements to constitute a 'signature quality.'" *Shumway*, 112 F.3d at 1420 (citations omitted). In *Shumway*, the Tenth Circuit enumerates the "elements relevant to a 'signature quality' determination," but it explains that these elements are "not inclusive." *Id*. Further, it explains that "a few highly unique factors may constitute a 'signature,' while a number of lesser unique factors 'although insufficient to generate a strong inference of identity if considered separately, may be of significant probative value when considered together.'" *Id.* (citing *United States v. Myers*, 550 F.2d 1036, 1045 (5th Cir. 1977)).

In the instant case, there are two events that share enough elements to establish Defendant's identity. For instance, on March 9, 2016, Defendant armed with a firearm went to the residence of Melvin Lee located in the South Non-Profit Housing, in Shiprock, New Mexico, to demand money from Boyd Smith. When Boyd Smith confronted Defendant, Defendant proceeded to shoot at him. Boyd Smith was able to hide behind a truck that was located on the property. On May 21, 2016, Defendant approached the residence of June George located in the South Non-Profit Housing, in Shiprock, New Mexico and demanded to speak with Norman George. Defendant alleged that Norman George owed him $30.00. When Norman George confronted Defendant and denied that he owed Defendant money, Defendant proceeded to shoot him. When the Court takes into consideration the "totality of the comparison" between both events, it may conclude that both events are sufficiently similar to show Defendant's identity.

When assessing similarity of acts, the Tenth Circuit has "identified several non-exclusive factors to consider[:] (1)whether the acts occurred closely in time; (2) geographical proximity;

6

(3) whether the charged offense and the other acts share similar physical elements; and (4) whether the charged offense and the other acts are part of a common scheme." *Davis*, 636 F.3d at 1298. When the Court takes into consideration these non-exclusive factors, it may conclude that (1) the March 9, 2016 events and the May 21, 2016 events occurred sufficiently close in time, *see Shumway*, 112 F.3d at 1421 (applying a reasonableness standard); (2) both events occurred at different houses, but the at the same location–South Non-Profit Housing, in Shiprock, New Mexico; (3) Defendant's acts on both occasions share similar physical elements as described above; and (4) both acts are part of a common scheme, that is: Defendant arms himself with a firearm, drives to a residence in the South Non-Profit Housing, demands money and shoots at people if he does not get what he wants. Therefore, because the evidence of the March 9 events satisfies every element for admission under Rule 404(b), and considering the factors set forth in *Huddleston* and *Davis*, the United States requests this Court to admit the March 9 events as evidence to show Defendant's motive, intent and identity of the charged offenses.

        4. <u>A Limiting Instruction is Appropriate Upon Request</u>.

"*Huddleston*'s fourth prong requires the district court, upon request, to instruct the jury that the 404(b) evidence is to be considered only for the proper purpose for which it was admitted." *Shumway*, 112 F. 3d at 1422. As indicated in the United States' Motion *in Limine* Regarding 404(b) Evidence, an instruction as to the proper use of other bad acts evidence is appropriate to allay any concerns of potential prejudice. Doc. 31 at p.10.

        D.     Lastly, Defendant objects to the United States' introduction of Rule 404(b) as evidence on rebuttal to challenge the Defendant's alibi defense. *Id.* at pp. 11-12.

The United States submits that Rule 404(b) evidence can be allowed to refute Defendant's defense. Rule 404(b) evidence may become admissible if the defendant opens the door. *See United States v. Magallanez*, 408 F.3d 672, 678 (10th Cir. 2005). This evidence is also admissible to contradict a defense such as "good faith belief." *United States v. Reddeck*, 22 F.3d 1504, 1513 (10th Cir. 1994). Sister circuits have permitted the admission of evidence for other purposes other than "the enumerated categories of Rule 404(b)" such as "to rebut a defense of innocent involvement." *United States v. Landry*, 631 F.3d 597, 602-03 (1st Cir. 2011). Another proper purpose recognized by sister circuits includes "'to attack the credibility of a witness' testimony by means other than attacking the witness' general character for truthfulness.'" *United States v. Bell*, 624 F.3d 803, 810 (7th Cir. 2010) (citation omitted). Because Rule 404(b) evidence can be introduced to rebut a defense, the United States requests this Court to allow evidence of the March 9, 2016 events if the Defendant attempts to raise a defense that challenges the Defendant's identity, motive, opportunity, intent, knowledge, mistake or accident on the part of the Defendant.

III.  Conclusion.

WHEREFORE, for the foregoing reasons, the United States requests this Court to allow the United States to introduce Rule 404(b) evidence in its case-in-chief, or in the alternative, it be allowed to introduce said evidence in rebuttal.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*Electronically filed on 12/30/16*
ELAINE RAMIREZ
RAQUEL RUIZ-VELEZ
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico  87103
(505) 346-7274
(505) 346-7296 fax

I HEREBY CERTIFY that on the 30th
day of December, 2016 I filed the foregoing
pleading electronically through the CM/ECF
system, which caused counsel of record
to be served by electronic means on this date.
*/s/*_____
Elaine Ramírez
Raquel Ruiz-Velez
Assistant U.S. Attorneys