# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                           CR 2016-2725 MCA

CHRISTIAN BEGAY,

        Defendant.

## DEFENDANT'S
## REQUESTED VOIR DIRE QUESTIONS

COMES NOW the Defendant CHRISTIAN BEGAY, by and through his attorney DANIEL J. TALLON, and hereby submits his proposed *voir dire* questions.

### Prior Juror Acquaintance with Parties, Witnesses or
### Law Enforcement Personnel

1.     Do any of you know, either professionally or socially, the Assistant U.S. Attorneys Elaine Ramirez or Raquel Ruiz-Velez?

2.     Do any of you know, either professionally or socially, U.S. Attorney Damon Martinez or other attorney members of the U.S. Attorney's Office in Albuquerque or in Las Cruces, New Mexico?

3.     Do any of you know, either professionally or socially, any staff members who work at the U.S. Attorney's Office in Albuquerque, New Mexico?

4.     Do any of you know, either professionally or socially, Christian Begay, who is a resident of Shiprock, New Mexico?

5.     Do any of you know, either professionally or socially, any witness listed on the Government's Witness List. (Please read list and inquire individually.)

6.     Do any of you know, either professionally or socially, any witness listed on the Defendant's Witness List. (Please read list and inquire individually.)

7.     Do any of you know, either professionally or socially, the attorney for the

Defendant, Daniel J. Tallon?

8. Do any of you, and/or any members of your family or close friends work for any law enforcement agencies?

9. Do any of you, and/or any members of your family or close friends do any volunteer work for any law enforcement agency?

10. Have any of you and/or members of your family ever worked for a law enforcement office and/or worked for a district attorney's office?

11. Has anyone on the panel ever been employed by the Navajo Tribal Police or the Federal Bureau of Investigation   If so:

    a. When?

    b. What was your position with the agency?

    c. Was knowledge of law enforcement a requirement of the job?

12. Does anyone have a friend or relative who has worked for the Navajo Tribal Police or the Federal Bureau of Investigation?  If so:

    a. What is his or her position?

    b. Have you ever discussed their work with them?

    c. Have they ever spoken to you about law enforcement, violent crimes, gun related crimes, or another issue which concerned narcotic or drug crimes?

    d. Have you formed an opinion about this case based on your conversations with this person(s)?

13. Does anyone on the panel have such a high regard for law enforcement officers that they would automatically take such a person's statement as true without first considering all of the facts relating to the incident?

## **Length of Trial and Effect on Juror Home/Work/Health**

14. The attorneys for the Government and the attorney for the Defendant believe that this case may last approximately four business days. Is there anyone here who has planned a vacation over the Tuesday, January 17, 2017 to Friday, January 20, 2017 period?

    a. Is there anyone on the jury panel who because of their employment, that they might not be able to serve on a case that lasts four days?

    b. Is there anyone on the jury panel who derives their income mostly from commission or on a commission basis, wherein a four-day trial would severely affect their income?

    c. Is there anyone on the jury panel who for some other reasons, i.e. doctor's appointment, etc., that they would not be able to give their full attention to a forward four-day trial?

15. Does anyone have a physical impairment, i.e. vision or hearing that may hinder their ability to serve as a juror in this cause?

16. Does anyone have a physical impairment that may hinder their ability to sit in this courtroom for eight hours a day for four days?

17. Is there anyone here on the prospective jury panel who knows any other members of the prospective jury panel?

    a. If so, how long have you known this individual?

    b. Do you think your ability to sit on this jury panel would be affected if an acquaintance or associate was also a member of the same jury?

    c. Would you have any problem in setting aside that relationship and deciding the case on your own?

    d. Is there anyone here who just does not want to be here?

### Juror Experience as Victim/Witness/Juror in Justice System

18. Has anyone testified in Court as a witness?  If so:

    a. When?

    b. Who called you as a witness?

    c. Were you paid for your testimony?

    d. What subject did your testimony relate to?

19. Has anyone ever been a witness to an event that has required them to testify in a courtroom?

20. Has anyone ever been a character witness for someone who required them to testify in a courtroom?

21. Has anyone ever testified as an expert witness in any case?

22. Has anyone ever served on a grand jury, either state and/or federal?

23. Has anyone ever served on a regular petit or trial jury before, either state and/or federal court?

    a. If so, when, where and what was the result of that case?

24. Has anyone ever been the victim of or witness to a crime; i.e. drug offenses, burglaries, robberies, fraud, assaults, rapes or another violent crime, etc.?

25. Does anyone here have any relatives or close friends who have been victims of or witnesses to any crimes?

26. Does anyone here have any relatives or close friends who have been addicted to a controlled substances?

27. Does anyone here have any relatives or close friends who have been charged with or convicted of a gun related or violent crime?

**Media Coverage of Case**

28. Have any of you seen any television, or other media radio coverage of this particular case?

29. Have any of you read any newspaper articles concerning this case?

Experience With Alcohol, Marijuana, Methamphetamine or Other Narcotics

30. Do you or does someone you know use alcohol, marijuana, methamphetamine or other narcotics now or in the past?

31. Do you believe that the fact that someone uses alcohol, marijuana, methamphetamine or other narcotics makes them less worthy of belief?

32. Have you ever had a bad personal experience using alcohol, marijuana, methamphetamine or other narcotics or with a person who was using or has used alcohol, marijuana, methamphetamine or other narcotics?

**Experience With Firearms**

33. Do you or does someone you know own a firearm(s)?

**Juror Knowledge of Law**

34. Have any of your ever taken any classes in law or had any legal training?

35. Have any of you ever taken any classes in law enforcement or had any law enforcement training?

**Presumption of Innocence**

36. How many of you, when you came through the door and saw Mr. Begay sitting here, thought to yourself, even for just a moment, "Well, he must have done something wrong."?

37. Have any of you ever been accused of something you did not do? How did that make you feel?

38. Has anyone of you ever been charged with a crime for something you did not do? Did you fight the charges? How did that end? Please feel free to approach the judge if you would like to speak confidentially.

39. Does the fact that the U. S. Attorney's Office has brought this case to trial cause anyone to feel that the Defendant must be guilty?

40. Will the fact that the U. S. Attorney's Office is prosecuting this case tend to make you believe that the Defendant must be guilty of something?

41. Do any of you believe that the Defendant must be guilty based on the fact that a grand jury has returned an indictment?

42. Do you all understand that the indictment in this case is merely a legal pleading; a mere piece of paper filed by the U.S. Attorney's Office in order to start these particular proceedings?

43. Is there anything about the nature of the charges contained in the indictment that would prevent you from considering this case fairly and impartially?

### Government's Burden of Proof Beyond a Reasonable Doubt

44. Do you all understand that the burden of proof is always on the U. S. Attorney's Office, who are the prosecutors, and that this burden never shifts to the Defendants?

45. Do you all understand that since the burden of proof is always on the U. S. Attorney's Office and the prosecution, that the Defendant does not have to present evidence and, that he can merely rely upon the cross-examination of the Government's witnesses?

46. Do you all understand that the Government must prove each and every element of each and every crime charged beyond a reasonable doubt?

47. Do you all understand that if the Government fails to prove each and every element of the crimes charged beyond a reasonable doubt that it is your duty to find the Defendant not guilty?

48. Do any of you feel that the burden of proof, to prove each and every element beyond

6

a reasonable doubt, is too heavy of a duty to impose upon the Government in this particular case?

## Mr. Begay's Fifth Amendment Right to Remain Silent

49. Are all of you aware that Mr. Begay does not have to testify on his own behalf?

50. Do any of you feel that because a person does not testify that the person is guilty or possibly guilty?

51. Do any of you feel that if a person does not testify that the person is trying to hide something?

## Attorney Conduct and Juror Conduct During Trial

52. The attorneys representing the government are on an equal basis with the attorney representing the Defendant. Would any of you give more merit, credence, or confidence to what the government attorneys say merely because each represents the government?

53. If it should become necessary for either the Government or myself to object to or move to strike certain offered evidence, you will understand, will you not, that we are objecting to this evidence feel that the evidence being offered is not admissible according to the rules of evidence and believe it is our legal and ethical duty to object. If we do make objections to the evidence, will you hold that against my client?

54. Sometimes it is necessary for one or more of the attorneys to request a hearing outside the presence of the jury at what we call a "side bar" conference. This is done for the purpose of discussing legal matters – which are for the court to consider. Do you think you might hold it against any party because one of the attorneys may request such a hearing outside the presence of the jury?

55. The government has the burden of proof in this case, as it does in every criminal

case, and will put on its evidence first. The Defendant will not have an opportunity to put on any evidence if he chooses to, until the government closes its evidence. For this reason, can you promise me that you will keep an open mind in this case and not come to any conclusion as to guilt or innocence of the Defendant until you have heard all the evidence, the arguments of the attorneys and the instructions on the law from the Court?

56. If there are two reasonable theories or explanations that can be drawn from the evidence, or lack of evidence, the law requires that you accept the theory or explanation that is consistent with innocence and you must acquit the defendant. Do any of you have any feelings concerning this principle of law? Explain. Can you assure me and the Defendant you will follow and apply this principle in this case?

57. You will be instructed by the Court that you are not to decide the case until you have heard all of the evidence. You will also be instructed by the Court not to discuss this case with any members of your family or your close friends. Is there anyone here who believes that they may have a problem in not discussing this case with their spouse and/or close friend when they leave the courtroom?

58. This is the only time during the course of the trial that the attorneys will be allowed to talk to you personally. After you have been selected as a member of the jury to hear this case, the rules state that the attorneys can no longer talk to you. Therefore, if I happen to see you during a recess or at lunch, or at the end of the day, I have the tendency to look the other way. I can assure you that this is not because I am not friendly or due to any other reason. I will not and can not speak with you because I must comply with the rules which require me to avoid any appearance of impropriety.

       Respectfully submitted,

       *Daniel J. Tallon*

       *Electronically filed December 29, 2016*
       _____
       DANIEL J. TALLON
       Attorney for

I hereby certify that a copy of the foregoing was electronically filed and thereafter delivered by electronic means to Assistant U.S. Attorneys Elaine Ramirez and Raquel Ruiz-Velez on the 29th day of December 2016.

    *Daniel J. Tallon*
_____
DANIEL J. TALLON