IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Cr. No. 16-2725 MCA |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRISTIAN BEGAY, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' OBJECTION TO DEFENDANT'S VOIR DIRE

The United States hereby files this objection to Defendant's Voir Dire, question number 56, and states that the construction of the question(s) incorrectly represents the law.

It is well-established that the court instructs the jury as to the rules of law and that the jury applies the facts as they find them to those rules." *United States v. Grismore,* 546 F.2d 844, 849 (10th Cir.1976)(citing *Sparf v. United States,* 156 U.S. at 51). "The jury's constitutional responsibility is not merely to determine the facts, but to apply the law to those facts and draw the ultimate conclusion of guilt or innocence." *United States v. Gaudin,* 515 U.S. 506, 514, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). The Tenth Circuit has held that it does "[n]ot question the jury's credibility determinations or its conclusions about the weight of the evidence." *United States v. Allen,* 235 F.3d 482, 492 (10th Cir.2000).

Question 56 of the defendant's proposed voir dire instructs the jury that if there are two reasonable theories or explanations that can be drawn from the evidence, the law requires the jury to accept the theory consistent with innocence and should result in an acquittal. The United States submits this is an incorrect representation of the law. First, it is the court that instructs the

jury as to the law in the form of jury instructions. Next, it is the jury who is tasked with applying the law to the facts presented at trial, to determine the guilt or innocence of the defendant. Finally, " '[T]he evidence necessary to support a verdict need not conclusively exclude every other reasonable hypothesis and need not negate all possibilities except guilt. Instead, the evidence only has to reasonably support the jury's finding of guilt beyond a reasonable doubt.' " *United States v. Pulido–Jacobo,* 377 F.3d 1124, 1129 (10th Cir.2004) (citation omitted). Therefore, the requested questions misrepresent the law as a verdict need not conclusively exclude every other reasonable hypothesis, and certainly does not require the jury to accept any specific theory.

The United States requests this question be excluded from the Court's voir dire.

                                          Respectfully submitted,

                                          DAMON P. MARTINEZ
                                          United States Attorney

                                          *Filed Electronically on January 4, 2017*
                                          ELAINE Y. RAMIREZ
                                          RAQUEL RUIZ VELEZ
                                          Assistant United States Attorney
                                          P.O. Box 607
                                          Albuquerque, New Mexico 87103
                                          (505) 346-7274

I HEREBY CERTIFY that on January 4, 2017, I
filed the foregoing electronically through the
CM/ECF system, which caused the below counsel
of record to be served by electronic means, as more
fully reflected on the Notice of Electronic Filing.

*/s/* _____
ELAINE Y. RAMIREZ
RAQUEL RUIZ VELEZ
Assistant U.S. Attorneys