IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 16-2725 MCA |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRISTIAN BEGAY, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' OBJECTIONS TO THE PRESENTENCE REPORT**

The United States of America, through its undersigned counsel, hereby files its objections to the Presentence Report. The United States objects to the one-level decrease pursuant to United States Sentencing Guideline § 3E1.1(b), as the defendant did not timely notify the United States of his intention to enter into a guilty plea. Next, the United States submits that the defendant is subject to a two-level enhancement for obstruction of justice. Finally, the United States submits that the defendant's criminal history category does not accurately represent his criminal history.

1. On June 15, 2016, a federal grand jury returned a three-count indictment, charging the defendant as follows: **Count 1:** 18 U.S.C. §1153, Crime in Indian Country; 18 U.S.C. § 113(a)(3): Assault with a Dangerous Weapon; **Count 2:** 18 U.S.C. § 1153 Crime in Indian Country; 18 U.S.C. § 113(a)(6): Assault Resulting in Serious Bodily Injury; and **Count 3**: 18 U.S.C. § 924(c): Using, Carrying, and Discharging a Firearm During and in Relation to a Crime of Violence, and Possessing and Discharging a Firearm in Furtherance of Such Crime. (Doc. 12).

2. On August 22, 2017, the defendant pled guilty to an information charging a violation of 18 U.S.C. §§ 1153 and 113(a)(1), that being assault with intent to commit murder. (Doc. 88).

3. On January 22, 2018, the Presentence Report (PSR) was disclosed. (Doc. 93). The PSR noted a base offense level of 27. *Id.* at ¶ 32. The PSR then imposed a two-level enhancement because the victim suffered serious bodily injury. *Id.* at ¶ 33. The Defendant then received a two-level reduction for his acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). *Id.* at ¶ 39. The defendant also received a one-level reduction for timely notifying the United States of his intention to plead guilty pursuant to U.S.S.G. § 3E1.1(b). *Id.* at ¶ 40. Despite multiple arrests, the defendant's criminal history was calculated as a category I. *Id.* at ¶ 47. The result was an adjusted offense level 26, criminal history category I, resulting in an advisory guideline range of 63-78 months. *Id.* at ¶ 99.

**A. The Defendant is not entitled to a third point for acceptance of responsibility**

The United States objects to the PSR's application of a one-level reduction pursuant to U.S.S.G. § 3E1.1, which provides:

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

Section 3E1.1(b) confers on the government "a power, not a duty, to file a motion when a defendant has timely notified prosecutors of an intention to plead guilty." *United States v. Moreno–Trevino*, 432 F.3d 1181, 1186 (10th Cir. 2005). Thus, even if a defendant timely notifies the government of his intent to plead guilty, "such timeliness does not automatically entitle him to the government's filing for the additional adjustment." *Id.* at 1186. Although the Government's discretion to file a § 3E1.1 motion is broad, it is not unfettered. *United States v. Evans*, 744 F.3d 1192, 1199 (10th Cir. 2014). A district court may review the government's decision not to file a § 3E1.1 motion and grant a remedy if it finds the refusal was "(1) animated by an unconstitutional motive, or (2) not rationally related to a legitimate government end." *Id.*; *United States v. Blanco*, 466 F.3d 916, 918 (10th Cir. 2006).

Where the government began preparing for trial, and there was no evidence that defendant indicated to the government he intended to plead guilty until such trial preparations had begun, the government's decision to withhold the § 3E1.1(b) motion was not arbitrary or unconstitutionally motivated. *United States v. Salas*, 756 F.3d 1196, 1206 (10th Cir. 2014). The defendant has the burden of proving by a preponderance of the evidence that he or she is entitled to a reduction for acceptance of responsibility under § 3E1.1. *See United States v. Meyers*, 95 F.3d 1475, 1486 (10th Cir. 1996); *United States v. McMahon*, 91 F.3d 1394, 1396–97 (10th Cir. 1996).

In this case, in December 2016, both parties were prepared to proceed to trial. Both parties filed witness lists (Docs. 42, 45), exhibits lists (Docs. 41, 43 and 44), voir dire questions and objections (Docs. 49, 50 and 55), proposed jury instructions (Docs. 53 and 54), motions in *limine* and responses (Doc. 29, 30, 31, 32, 33, 34). The United States had its witnesses subpoenaed, and filed its notice of expert testimony (Doc. 39). The parties attended the call of

the calendar on January 5, 2017 (Doc. 60), where pretrial matters were discussed in anticipation of trial.

On January 10, 2017, at the insistence of the defendant, he referred for a mini-psychological evaluation to confirm his competency. (Doc. 65). On February 8, 2017, the court and the parties received the Psychiatric/Psychological Report that confirmed the competence of the defendant. (Docs. 67 and 76). The matter was set for trial on May 8, 2017, with a call of the calendar set for May 4, 2017. (Doc. 74). A motion hearing occurred on April 14, 2017, wherein the defendant asked for new counsel.

On April 21, 2017, current counsel for the defendant filed his substitution of counsel. (Doc. 79). The Court notified the parties that the case was set for trial on September 11, 2017, with a call of the calendar scheduled on September 9, 2017. (Doc. 85). Once again, the United States prepared the trial witnesses. The defendant notified the United States on August 19, 2017, that he wanted to enter into a plea agreement. On August 21, 2017, the defendant notified the court of his intention to plead guilty. (Doc. 87). The defendant entered his guilty plea on August 22, 2017; approximately eight months after the parties were prepared to proceed to trial. Thus, the defendant cannot show he is entitled to one-level reduction for timely notifying the United States of his intention to enter a guilty plea.

### B. The defendant obstructed justice

As noted in the PSR, on May 27, 2016, FBI Special Agent (SA) Lance Roundy conducted an interview of Kristina Carrillo. PSR at ¶ 21. Carrillo indicated that on May 21, 2016, at approximately 8:30 pm, Begay came to her residence and requested to borrow Carrillo's vehicle, a 2007 blue Dodge Nitro SUV. Carrillo, who was in a romantic relationship with Begay, describing him as her boyfriend, agreed to lend the vehicle. Carrillo stated she did not see Begay

again until he returned the vehicle early Sunday morning on May 22, 2016. Carrillo stated that she knew very little about Begay's associates, and was unaware whether Begay owned or possessed any firearms. Carrillo was insistent that she was not with Begay on Saturday night, May 21, 2016.

On June 7, 2016, the victim in this case was shown a photo array. He identified Kristina Carrillo as the passenger in the vehicle driven by Christian Begay the night of the shooting. The victim also identified photographs of the vehicle driven by Begay, but belonging to Carrillo. Also on June 7, 2015, a witness in the case was shown a photo array. The witness identified Carrillo as the passenger in the vehicle driven by Begay the night of the shooting. The victim also identified photographs of the vehicle driven by Begay, but belonging to Carrillo.

On December 11, 2016, the Defendant filed a Notice of Alibi, (Doc. 27), stating,

> "At 2259 hours on Saturday, May 21, 2016, the dispatch time for the reported shooting of Norman George, Christian Begay was in the company of Kristina Carrillo and at his mother's trailer, which is located approximately 1.2 miles east and south of the location of the charged offense, or, at 2259 hours on Saturday, May 21, 2016, was in the company of Kristina Carrillo in her Dodge Nitro SUV, driving southbound from Shiprock on Route 491 in the direction of Little Water, New Mexico."

U.S.S.G. § 3C1.1 provides that a defendant's offense level may be increased by two levels if "(1) the defendant willfully ... attempted to obstruct or impede[ ] the administration of justice with respect to the ... prosecution ... of the instant offense of conviction, and (2) the obstructive conduct related to ... the defendant's offense of conviction." The guideline specifically mentions "committing, suborning, or attempting to suborn perjury" as conduct to which it applies. U.S.S.G. § 3C1.1. Comment at n. 4(B). Perjury consists of "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan,* 507 U.S. 87, 94, 113

S.Ct. 1111, 122 L.Ed.2d 445 (1993). A material matter is one that "if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1 Comment n. 6.

Obstructive conduct includes persuading a potential witness to lie. *See United States v. Heckard*, 238 F.3d 1222, 1232-33 (10th Cir. 2001); *United States v. Farnsworth*, 92 F.3d 1001, 1011 (10th Cir. 1996); *see also* U.S.S.G. § 3C1.1 Comment 4(b)(obstructive conduct includes "attempting to suborn perjury"); *United States v. Felix*, 286 F.3d 118, 120 (2d Cir.2002) (defendant's attempt to support false alibi by asking friends to corroborate a false alibi when speaking to police during an investigation warranted obstruction enhancement); *United States v. Pridgen*, 623 Fed.Appx. 62 (4th Cir. 2015)(unpublished)( defendant's conduct placing several telephone calls to his girlfriend in an attempt to establish a false alibi related to the investigation of his offense and was substantially analogous to the nonexclusive list of obstructive conduct provided in the Guidelines commentary); *United States v. Garin*, 103 F.3d 687, 689 (8th Cir.1996)(holding district court did not err in applying enhancement for obstruction of justice, where the defendant persuaded a witness to lie to the grand jury); *United States v. Johnston*, 973 F.2d 611, 614 (8th Cir.1992) (affirming district court's finding that defendant attempted to obstruct justice by writing letters from jail to his father and his wife asking them to provide a false alibi for him).

Further, the enhancement has also been applied when a defendant has filed a Notice of Alibi Witness with the intent to suborn perjury. *See United States v. Bradberry*, 466 F.3d 1249, 1254–55 (11th Cir. 2006) (per curiam) (holding the enhancement applicable "when the defendant calls a witness to testify on his behalf knowing that the witness will give perjured testimony"); *United States v. Andrews*, 808 F.3d 964 (4th Cir. 2015)(where defendant knowingly presented and likely actively orchestrated the presentation of false alibi testimony from defendant's

girlfriend and her mother, presentation of false testimony fell squarely within the conduct for which the defendant is expressly held responsible, namely conduct that the defendant aided or abetted, counseled, commanded, induced, procured, or willfully caused.)

In this case, not only did Carrillo give a statement that conflicted with the Notice of Alibi filed by the defendant, jail calls obtained by the United States revealed that Carrillo and the defendant discussed her trial testimony. In call number 479, dated December 9, 2016, Carrillo told the defendant, "I'm your key witness to this whole freedom thing…" In call number 621, dated December 20, 2016, Carrillo admitted, "I'm an accomplice…" In call number 626, dated December 21, 2016, Carrillo told the defendant, "If you go down, I'll go down with you." These excerpts demonstrate that Carrillo was indeed in the vehicle with the defendant as the witnesses reported, which was contrary to her statement to the FBI. Further, the information contained in the Notice of Alibi conflicted with Carrillo's admission to being an accomplice. Finally, it was clear from the discussions that the defendant was, at a minimum, aware of Carrillo's intent to provide false testimony at his trial. Therefore, the defendant should be subject to a two-level enhancement for obstruction of justice.

**C. Defendant's criminal history is underrepresented**

Under the United States Sentencing Guidelines, district courts may depart upward when "reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." § 4A1.3(a)(1). In addition, evidence of "[p]rior similar adult criminal conduct not resulting in a criminal conviction" may provide information indicating that a defendant's criminal history is underrepresented. § 4A1.3(a)(2).

In this case, from 2011 through March 2016, the defendant had contact with law enforcement on 12 occasions, all of which involved alcohol or marijuana. PSR ¶¶ 52, 54-62, 64-65. On five occasions, the defendant had contact with law enforcement because he participated in acts of violence. PSR ¶¶ 54, 58, 61, 63, and 66. Of those five acts of violence, two were remarkably similar to the case at bar. As noted in paragraph 63 of the PSR, in 2013, the defendant went to the residence of Rachelle Charley (the girlfriend of the victim in the instant case), demanding to speak to her brother, Boyd Smith. The defendant was armed with a handgun. Charley left the residence to get help when she heard a single shot. Officers responded to the residence and spoke with Boyd Smith, who indicated the defendant pointed a Glock pistol at him, and then fired one round after demanding $5.00 from Smith.

As noted in paragraph 66 of the PSR, in 2016, the defendant again was confrontational with Boyd Smith. On this occasion, the defendant wrapped a chain around his fist during the confrontation. Smith picked up two rocks in an attempt to defend himself. The defendant threatened to return with his gun. Smith ran behind a vehicle and subsequently heard four gunshots. Law enforcement located three casings, and located the defendant at another residence. The defendant had two knives on his person when arrested. After the defendant was apprehended, a gun and magazine was retrieved from beneath a couch cushion.

The United States submits that the defendant's criminal history category of I underrepresents the defendant's past criminal conduct. The United States requests the Court consider treating this defendant as a criminal history category II, rather than a criminal history category I, for the purposes of sentencing. Currently, at a criminal history category I and an offense level 26, the defendant's advisory sentencing guideline range is 63-78 months. The United States submits that the defendant's adjusted offense level should be 29, based on the

reasons set forth above in the objections of the United States. A criminal history category II, coupled with an offense level of 29, results in an advisory sentencing guideline range of 97-121 months.

WHEREFORE, for the foregoing reasons, the United States requests the Court deny the application of U.S.S.G. § 3E1.1(b), as the defendant did not timely notify the United States of his intent to plead guilty. Next, the United States requests the Court grant a two-level enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, for conspiring with Kristina Carrillo to present false trial testimony as an alibi witness. Next, the United States requests the Court consider that the defendant's criminal history and criminal conduct merits a criminal history category II, rather than a criminal history category I. The United States requests the Court find the adjusted offense level of the defendant to be a 29, with a criminal history category II, resulting in an advisory guideline range of 97-121 months. The United States requests a sentence within the range of 97-120 months, in accordance with the plea agreement.

Respectfully submitted,

JAMES D. TIERNEY
Acting United States Attorney

*Filed Electronically on January 30, 2018*
ELAINE Y. RAMIREZ
RAQUEL RUIZ VELEZ
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on January 30, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the below counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/*
ELAINE Y. RAMIREZ
RAQUEL RUIZ VELEZ
Assistant U.S. Attorneys