IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 16-2725 MCA |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRISTIAN BEGAY, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' RESPONSE IN OPPOSITION TO THE MOTION TO VACATE SENTENCING

The United States of America, through its undersigned counsel, hereby files its Response in Opposition to the Defendant's Motion to Vacate Sentencing. The United States objects to the reasons stated in the Motion, as both the victim-witness advocate and the United States Probation Office have made multiple attempts to contact the victim for a statement. The United States submits the following in support of its opposition:

1. On June 15, 2016, a federal grand jury returned a three-count indictment, charging the defendant as follows: **Count 1:** 18 U.S.C. §1153, Crime in Indian Country; 18 U.S.C. § 113(a)(3): Assault with a Dangerous Weapon; **Count 2:** 18 U.S.C. § 1153 Crime in Indian Country; 18 U.S.C. § 113(a)(6): Assault Resulting in Serious Bodily Injury; and **Count 3**: 18 U.S.C. § 924(c): Using, Carrying, and Discharging a Firearm During and in Relation to a Crime of Violence, and Possessing and Discharging a Firearm in Furtherance of Such Crime. (Doc. 12).

2. On August 22, 2017, the Defendant pled guilty to an information charging a violation of 18 U.S.C. §§ 1153 and 113(a)(1), that being assault with intent to commit murder.

(Doc. 88). The United States points out that the Defendant has been pending sentencing for approximately eight months, and has been in pretrial confinement for approximately 23 months.

       3.      On January 22, 2018, the Presentence Report (PSR) was disclosed. (Doc. 93). The PSR noted a base offense level of 27. *Id.* at ¶ 32. The PSR then imposed a two-level enhancement because the victim suffered serious bodily injury. *Id.* at ¶ 33. The Defendant then received a two-level reduction for his acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). *Id.* at ¶ 39. The Defendant also received a one-level reduction for timely notifying the United States of his intention to plead guilty pursuant to U.S.S.G. § 3E1.1(b). *Id.* at ¶ 40. Despite multiple arrests, the Defendant's criminal history was calculated as a category I. *Id.* at ¶ 47. The result was an adjusted offense level 26, criminal history category I, resulting in an advisory guideline range of 63-78 months. *Id.* at ¶ 99. Further, the PSR noted at paragraph 29, the following:

> "The provisions of the Mandatory Victim Restitution Act of 1996 apply to this Title 18 offense. The United States Probation Office obtained victim contact information through the victim advocate with the United States Attorney's Office. The United States Probation Office made multiple attempts to reach the victim telephonically; however, no contact was made, and the listed number did not have voice messaging set up. Multiple victim impact packets were mailed to the victim's listed address; however, the victim has not responded to that correspondence as of this date. Additionally, the United States Probation Office attempted to contact the victim's mother to reach the victim; however, attempts were also unsuccessful. The victim advocate indicated contact with the victim has been almost nonexistent. Should a victim response be received in this matter, an addendum will be prepared."

*Id*.

       4.      On January 30, 2018, the United States filed its Objections to the Presentence Report. (Doc. 95). The United States objected to the one-level reduction for timely notifying the United States of his intention to plead guilty pursuant to U.S.S.G. § 3E1.1(b). The United States

also sought a two-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice. Finally, the United States sought to treat the Defendant as a criminal history category of II, based upon the Defendant's underrepresented criminal history.

5. On February 12, 2018, an Addendum to the Presentence Report was filed. (Doc. 98). The Addendum indicated that the objection of the United States to the one-level reduction pursuant to U.S.S.G. § 3E1.1(b) was appropriate. *Id*. at 2. The Addendum also found that a two-level enhancement for obstruction of justice was also appropriate. *Id*. at 4. Finally, the Addendum stated that the United States Probation Office did not oppose treating the defendant as a criminal history category of II based upon his criminal history. *Id*. at 6. The changes to the PSR resulted in a sentencing range of 97-121. *Id*.

6. On April 24, 2018, the Defendant filed his Motion to Vacate Sentencing, and erroneously indicated that no efforts were made to contact the victim in this case. (Doc. 99).

7. The United States does not object to the late inclusion of an Affidavit by the victim in this case. In the alternative, the United States does not object to the victim appearing telephonically to provide a victim impact statement to the Court, as is his right.

WHEREFORE, for the foregoing reasons, the United States requests the Court deny the Motion to Vacate Sentencing.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Filed Electronically on April 24, 2018*
ELAINE Y. RAMIREZ
RAQUEL RUIZ VELEZ
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on April 24, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the below counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/*                
ELAINE Y. RAMIREZ
RAQUEL RUIZ VELEZ
Assistant U.S. Attorneys